JACOB L. ARMBRUSTER, Plaintiff, *v.* HARRY DRAKER et al.,
Defendants.

Municipal Court of the City of Syracuse, March 12, 1949.

*Thomas W. Egan* for plaintiff.

*John J. Mahon* for defendants.

SKERRITT, J.  This is an action to recover an unpaid balance on a plumbing contract for services and materials.  The contract was oral, except for statements of account and payments thereon.  The defense is accord and satisfaction, arising from payment by defendants of an amount less than the full amount charged.

Plaintiff's total bill was $1,210.  Defendants made payments on account from time to time amounting to $850, and objected to the balance of $360.  After some discussion and dispute defendants sent the plaintiff two checks for $150 and $100 respectively, one from each defendant, with a letter stating that they objected to said balance, and that the enclosed $250 was in full payment.  The check for $150 bore no special notation; the other was marked — " payment in full."  Plaintiff cashed the former, returned the latter, and brought this action for the final balance of $210.

verted funds of plaintiff by withdrawing them and purchasing securities for his own personal account. The pleading also alleges that Papanek has failed and refused to account for or to return the funds to plaintiff in compliance with the latter's demands.

Papanek's answer alleges by way of defense that from November, 1943, through February, 1948, he received charitable donations from persons and groups in the United States and other non-communist countries of the western hemisphere; that he deposited them in the account with the Prague Credit Bank; that some of the donations were stated to be for specific charitable purposes, and others for general charitable relief of Czechoslovak citizens; that Papanek made expenditures for the purchase of relief supplies in accord with the intent of the donors; that the funds alleged to have been converted by him consisted of the unexpended residue of such charitable donations. The defense goes on to allege that in February, 1948, the organs of Government of Czechoslovakia were seized by communists who have since directed the internal and external policies of the country " in accordance with the tenets of Communist dictatorship " and that the communist leaders have so fundamentally altered the purposes, policies and functions of plaintiff in Prague that it is impossible today to carry out the purpose of the donations by distributing funds or charitable relief supplies through plaintiff in Prague.

On the basis of this defense Papanek moves to compel plaintiff to add the Attorney-General as a party defendant. He relies on the provisions of section 12 of the Personal Property Law which declare that " whenever it shall appear to the court that circumstances have so changed since the execution of an instrument containing a gift  *  *  *  as to render impracticable or impossible a literal compliance with the terms of such instrument, the court may  *  *  *  make an order directing that such gift  *  *  *  be administered or expended in such manner as in the judgment of the court will most effectually accomplish the general purpose of the instrument " and which state that the " attorney-general shall represent the beneficiary in all such cases ".

It may be that a motion by Papanek for leave to bring in the Attorney-General as a party defendant would have to be granted (a question which it is unnecessary to decide for the purposes of the present application). The instant motion, however, seeks to *compel plaintiff* to bring in the Attorney-General as a neces-

sary defendant. The causes of action alleged in the complaint contain no allegations on the basis of which the Attorney-General may be held to be a necessary defendant in whose absence plaintiff may not recover. Plaintiff in its complaint is suing merely (1) to reach funds which it claims belong to it and which its agent, Papanek, converted or (2) to obtain damages for their conversion. It is Papanek, by way of defense, who claims that the funds were donated for purposes which may no longer be accomplished and that therefore a situation is presented which requires the presence in the action of the Attorney-General. It is Papanek, therefore, who should bear the onus of bringing in the Attorney-General, if, on a motion for leave to bring him in, the court decides that a proper case for requiring his presence is presented. The words of Mr. Justice Botein in *Koppel* v. *Middle States Petroleum Corp.* (66 N. Y. S. 2d 496, affd. 272 App. Div. 790) are apposite: " The defendant cannot compel the plaintiff to change the theory of his action. Although this is a motion brought pursuant to Section 193, C.P.A., to compel the joinder of additional parties as defendants, to grant it would be tantamount to imposing upon the plaintiff a legal postulate which, rightly or wrongly, he rejects. Upon this motion at least, that is his prerogative. The defendant may defend on the ground that the dividends are discretionary, but it cannot compel the plaintiff to sue on such a theory." The motion is accordingly denied, but without prejudice to an application by Papanek for leave to bring in the Attorney-General as a defendant.